United States District Court
Southern District of Texas

**ENTERED**

September 29, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL BONILLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO BANK, N.A.; | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY AS TRUSTEE FOR FIRST | § | |
| FRANKLIN MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2006- | § | CIVIL ACTION NO. H-15-3412 |
| FF11; DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY AS TRUSTEE FOR | § | |
| THE HSBC BANK MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES | § | |
| HASCO 2006-HE1; HSBC BANK USA, | § | |
| N.A.; HSI ASSET SECURITIZATION | § | |
| CORPORATION; and MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC. aka "MERS", | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Angel Bonilla sued defendants Wells Fargo, N.A. ("Wells Fargo"); Deutsche Bank National Trust Company as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, Mortgage Pass-Through Certificates, Series 2006-FF11 ("Deutsche Bank"); HSBC Bank USA, N.A.; HSI Asset Securitization Corporation; Mortgage Electronic Registration Systems, Inc. ("MERS"); and various Doe defendants[1] in the 234th Judicial District Court of Harris County,

---

[1]The Doe defendants were not included in Plaintiff's Second Amended Complaint and are no longer parties to this action. See Docket Entry No. 46.

Texas.[2]   Defendants Wells Fargo, Deutsche Bank, and MERS (collectively "Defendants") removed to this court.[3]   Pending before the court is Defendants' Motion to Dismiss and Memorandum of Law in Support ("Motion to Dismiss") (Docket Entry No. 52).   For the reasons stated below, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

## I.   Factual Allegations and Procedural Background

In June of 2006 Plaintiff obtained a mortgage loan from First Franklin Financial Corporation ("First Franklin") secured by Plaintiff's principal residence ("the Property").[4]   Plaintiff executed a Deed of Trust in favor of First Franklin naming MERS, as the nominee for First Franklin and its successors and assigns, as its beneficiary.[5]   From 2007 to 2014 Plaintiff's Note and Deed of Trust underwent a series of assignments, which Plaintiff alleges

---

[2]See Plaintiff's Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction, Exhibit C to Notice of Removal, Docket Entry No. 1-3.

[3]See Notice of Removal, Docket Entry No. 1.

[4]Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 8 ¶ 16.   Plaintiff mistakenly titled this document "Plaintiff's First Amended Complaint," but Plaintiff's first amended complaint is found at Docket Entry No. 33.   For clarity and accuracy, Docket Entry No. 46 will be referred to as Plaintiff's Second Amended Complaint.   Page citations for all docket entry numbers are to the pagination imprinted by the federal court's electronic filing system at the top and right of the documents.

[5]Id. at 8 ¶ 17.

were fraudulent.[6]  Plaintiff defaulted on his mortgage, and the Property was ultimately sold to Deutsche Bank at a foreclosure auction on October 7, 2014.[7]

After the foreclosure sale, someone identifying herself as "Doris Morgan" and claiming to be an agent of Wells Fargo contacted Plaintiff and his family.[8]  On Friday, January 22, 2016, Ms. Morgan accompanied a Harris County Deputy Constable to the Property in an attempt to evict the occupants.[9]  After a phone call to Plaintiff's attorney, the eviction was rescheduled for the following Monday, by which time Plaintiff had filed for bankruptcy protection.[10] Finally, on February 25, 2016, while Plaintiff still occupied the Property, two unidentified assailants vandalized Plaintiff's vehicles while they were parked in his driveway.[11]

In addition to the facts set forth above, Plaintiff raises a number of concerns regarding the validity of the assignments.[12] Plaintiff cites generally to certain questionable practices on the

---

[6] Id. at 16 ¶¶ 51, 55; p. 17 ¶ 57; p. 18 ¶ 63.

[7] Id. at 9 ¶ 21.

[8] Id. at 13 ¶¶ 35-36.

[9] Id. at 14-15 ¶¶ 38-39.

[10] Id. at 15 ¶ 43.

[11] Id. at 10 ¶¶ 25-27.

[12] Id. at 16-28 ¶¶ 51-116.

part of Defendants and of one of the signatories to the assignments.[13]   Finally, Plaintiff alleges, on information and belief, that the signatures on the assignments are forgeries.[14]

In his Second Amended Complaint, Plaintiff raises thirteen causes of action against Defendants.[15]   Defendants move to dismiss all counts for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[16]   Plaintiff opposes Defendants' Motion to Dismiss and, in the alternative, requests leave to amend his complaint.[17]   Each claim will be analyzed under the standard of review set forth below.

## II.   **Standard of Review**

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ."   Bell Atlantic Corp. v. Twombly, 127

---

[13]Id.

[14]Id. at 18-19 ¶¶ 67-75.

[15]Id. at 29-41 ¶¶ 117-214.

[16]See Motion to Dismiss, Docket Entry No. 52, pp. 18-19.

[17]See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's First [sic] Amended Complaint ("Plaintiff's Response"), Docket Entry No. 56.

S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002).  To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted).  "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based

on invalid legal theories, even though they may be otherwise well-pleaded." <u>Flynn v. State Farm Fire and Casualty Insurance Co. (Texas)</u>, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing <u>Neitzke v. Williams</u>, 109 S. Ct. 1827, 1832 (1989)).

## III.  <u>Analysis</u>

**A.    Counts One and Two:   Alleged Violations of Texas Civil Practice and Remedies Code § 12.002**

Plaintiff alleges that defendants MERS and Wells Fargo filed fraudulent liens or claims against real property in violation of § 12.002 of the Texas Civil Practice and Remedies Code.  As a threshold matter, Defendants challenge Plaintiff's standing to contest the assignments.[18]   Plaintiff is a non-party to the assignment and asserts his claim based upon his alleged interest in the Property.[19]   The Fifth Circuit has recognized that

> [t]hough "the law is settled" in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor may defend "on any ground which renders the assignment void."

<u>Reinagel v. Deutsche Bank Nat. Trust Co.</u>, 735 F.3d 220, 225 (5th Cir. 2013).  Plaintiff alleges that the assignments are forgeries and thus void ab initio.[20]   But Plaintiff provides only conclusory

---

[18]Motion to Dismiss, Docket Entry No. 52, p. 21.

[19]Plaintiff's Response, Docket Entry No. 56, pp. 11-12.

[20]Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 18 ¶ 67.

facts to support this contention.[21]   Even if, as Plaintiff alleges, the assignments were "robosigned" or otherwise produced by facsimile, that does not make them forgeries.  See Reinagel, 735 F.3d at 227 ("[T]here is no requirement that the affiant affix his signature in wet ink.").   The other irregularities implied by Plaintiff would not render the assignments void or grant Plaintiff standing.  See id. at 228 (noting that defects in an acknowledgment might prevent foreclosure against a third party but would not affect an assignee's rights against the obligor).   Absent non-conclusory facts that would allow the court to reasonably infer that the person who affixed the signatures to the assignments did so without the purported signatory's authority, Plaintiff's challenge to the assignment as void ab initio has no merit.

Even if Plaintiff had standing to challenge the assignments, he fails to allege facts sufficient to support a claim under the relevant section of the Texas Civil Practice and Remedies Code.

> To state a claim under Section 12.002, a plaintiff must plead facts showing that the defendant (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 783 (5th Cir. 2015) (citations omitted).   Even if the assignments were fraudulent, Plaintiff has failed to plead facts that, if true,

---

[21]Id. at 18-19 ¶¶ 67-75.

would constitute a violation of § 12.002.  Setting aside the issue of whether the "fraudulent lien" language encompasses fraudulent assignments,[22] Plaintiff has pleaded no facts, beyond naked assertions, to show that defendants MERS or Wells Fargo either (1) knew the assignment was fraudulent or (2) intended to cause Plaintiff physical injury, financial injury, or mental anguish.[23] As a result of this insufficiency, Plaintiff's first two claims will be dismissed.

**B.   Counts Three and Four:  Exceptions to the Statutory Limitation on Amount of Recovery**

Plaintiff acknowledges that his third and fourth "counts" do not constitute independent claims.[24]  Instead, Plaintiff asks the court to allow for recovery in excess of the statutory limitation on exemplary damages set forth in § 41.008(b) of the Texas Civil Practice and Remedies Code.  At issue is whether MERS' or Wells Fargo's alleged conduct would trigger the exceptions provided in §§ 41.008(c)(8) or (c)(12).  But since Plaintiff's underlying claims will be dismissed, the court need not decide this issue.

---

[22]The Fifth Circuit recently avoided weighing in on the split of authority on this issue, and this court will follow its lead. See Ferguson, 802 F.3d at 783 n.11 ("Some courts have held that Section 12.002 requires the plaintiff to plead facts showing the defendant used an instrument purporting to create a fraudulent lien. But courts are not uniform in their application of Section 12.002, and some do not require *creation* of a lien.") (citations omitted) (emphasis in original).

[23]Plaintiff's Second Amended Complaint, Docket Entry No. 46, pp. 29-32 ¶¶ 117-133.

[24]Plaintiff's Response, Docket Entry No. 56, p. 14.

**C.     Count Five:  Request for Declaratory Judgment**

Plaintiff seeks equitable relief in the form of a declaratory judgment setting aside the foreclosure sale "[p]ursuant to Chapter 37 of the Texas Civil Practice and Remedies Code (and if necessary, the Federal Declaratory Judgment Act)."[25]   Because Plaintiff's underlying claims will be dismissed, the court cannot grant the relief sought.

Chapter 37 of the Texas Civil Practice and Remedies Code, titled the "Texas Declaratory Judgments Act," is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court.  Vera v. Bank of America, N.A., 569 F. App'x 349, 352 (5th Cir. 2014).  A request for declaratory judgment under state law is thus considered as a claim under the federal Declaratory Judgment Act.  See 28 U.S.C. § 2201.  "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief."  Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)).  "A declaratory judgment action requires the parties to litigate some underlying claim or cause of action."  Conrad v. SIB Mortgage Corp., No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. March 6, 2015).  When, as is the case here, a plaintiff's claims will be dismissed, his request for declaratory

------

[25]Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 34 ¶ 149.

relief has no merit.  <u>Wheeler v. U.S. Bank Nat'l Ass'n</u>, Civil Action No. H-14-0874, 2016 WL 554846, at *8 n.53 (S.D. Tex. Feb. 10, 2016).

## D.   **Count *Six*:  Quiet Title Action**

Plaintiff also seeks "quiet title" to the Property.  A suit to remove cloud or to quiet title accords an equitable remedy.  <u>Katz v. Rodriguez</u>, 563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.).  It exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right."  <u>Essex Crane Rental Corp. v. Carter</u>, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); <u>Hahn v. Love</u>, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief--that is, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove.  <u>Essex Crane</u>, 371 S.W.3d at 387–88; <u>Hahn</u>, 321 S.W.3d at 531.  The plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.  <u>Vernon v. Perrien</u>, 390 S.W.3d 47, 61–62 (Tex. App.—El Paso 2012, no pet.) (citation omitted).

Defendants contend that Plaintiff cannot establish his superior equity because he lacks title.  Plaintiff acknowledges

that he defaulted on his mortgage obligation and that Defendants subsequently foreclosed upon the Property.[26]  To assert a right to the Property, Plaintiff must therefore show that the foreclosure was invalid.  His only basis for that assertion is that the assignments were invalid.  For reasons discussed above, Plaintiff's claims of invalidity have no merit.  As a result, Plaintiff cannot show that he is the holder of even the feeblest equity, much less meet his burden of supplying the proof necessary to establish his superior equity and right to relief.  Therefore, Plaintiff has no basis for a suit to quiet title.

## E.   Tort Claims and the Vandalism Incident

Plaintiff's tort claims (Counts 7-12) all appear to be based upon the acts of vandalism that took place on or about February 25, 2016.[27]  For reasons discussed below, Plaintiff's tort claims will be dismissed.  Plaintiff describes the incident as follows:

> 25.  On or about February 25, 2016, at least two unidentified assailants vandalized the Plaintiff's Home, Property, and personal property.
>
> .  .  .  .
>
> 27.  Specifically, at least two unidentified assailants smashed and destroyed several windows of the Plaintiff's vehicles parked in the driveway of Plaintiff's Home on or about February 25, 2016.
>
> 28.  At least two unidentified assailants trespassed onto Plaintiff's Property on or about February 25, 2016.

---

[26]See Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 9 ¶ 21 ("Plaintiff fell into financial difficulties and his Property was ultimately sold at a foreclosure auction. . .").

[27]Id. at 10 ¶ 25.

. . . .

35.   After Wells Fargo foreclosed on Plaintiff's Home on
October 7, 2014, and before the vandalism occurred, a
woman named "Doris Morgan" contacted Plaintiff and his
family members on numerous occasions.

36.   On at least one of those occasions, Doris Morgan
gave Plaintiff her business card — on the back of which
she referred to herself as a "Wells Fargo Agent."

. . . .

44.   Bonilla reported the vandalism incident to the
police.

. . . .

46.   The security videos of the vandalism and photos of
the Plaintiff's broken car windows have been provided and
disclosed to Defendants.[28]

Based upon the above information, independent investigation,

and several photographs, Plaintiff has reached the following

conclusions:

48.   Plaintiff reasonably believes defendant Wells Fargo
had actual knowledge the vandalism of Plaintiff's Home
would occur, and intentionally refused to stop the
vandalism or take any actions to prevent the vandalism
from occurring.

49.   Plaintiff reasonably believes defendant Wells Fargo
conspired with Doris Morgan to plan the vandalism of
Plaintiff's Home.[29]

Defendants contend that Plaintiff's claims rely on pure

speculation.[30]   The court agrees.   Plaintiff's assertions, although

---

[28]Id. at 10, 13, 15.

[29]Id. at 11.

[30]Motion to Dismiss, Docket Entry No. 52, p. 31.

intriguing, are ultimately the sort of conclusory allegations and unwarranted deductions on which the court may not rely.  <u>Southland Sec. Corp.</u>, 365 F.3d at 361.   Plaintiff does not allege any personal knowledge of a relationship, much less a conspiracy, between the vandals and Defendants.[31] If Plaintiff's stated beliefs are the products of warranted deductions, his pleadings fail to show how.   For the purposes of considering the plausibility of Plaintiff's tort claims, the court cannot attribute the actions of the unidentified assailants to Defendants.

**F.   Count Seven:  Trespass as to All Defendants**

Plaintiff's seventh claim is for trespass.   Plaintiff cites February 25, 2016, and "other dates in February of 2016" as the dates of the alleged trespass.[32]  But as Defendants point out, by that time the Property had already been sold at foreclosure.[33]  In order to support a claim for trespass, a plaintiff must show that he "own[ed] or ha[d] a lawful right to possess [the] real property" at the time of the alleged trespass.  <u>Madison v. James B. Nutter & Co.</u>, Civil Action No. H-13-3020, 2014 WL 7338853, at *6 (S.D. Tex. Dec. 22, 2014) (citing <u>Texas Woman's Univ. v. The Methodist Hosp.</u>, 221 S.W.3d 267, 286 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

---

[31]Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 15 ¶¶ 48-49.

[32]<u>Id.</u> at 37 ¶ 171.

[33]Motion to Dismiss, Docket Entry No. 52, p. 31.

Because, for reasons already discussed, Plaintiff cannot show that he owned or lawfully possessed the Property, his trespass claim will be dismissed.

## G.   Count Eight:  Conversion as to All Defendants

Plaintiff also alleges that Defendants "wrongfully exercised dominion over Plaintiff's automobiles, files, and papers on various occasions in February of 2016."[34]  Under Texas law, to establish a claim for conversion of personal property a plaintiff must prove: "(1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." Pilepro, LLC v. Chang, 152 F. Supp. 3d 659, 681 (W.D. Tex. 2016) (citing Smith v. Maximum Racing, Inc., 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.).  To the extent that Plaintiff's factual allegations support this claim at all, they are wholly speculative. Plaintiff alleges no facts that could reasonably support an inference that Defendants exercised dominion over his automobiles, files, or papers in denial of or inconsistent with his rights, nor does he allege that he demanded return of his property from

---

[34]Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 38 ¶ 180.

Defendants and they refused.   Therefore, Plaintiff's claim for conversion will be dismissed.

## H.    Count Nine:  Intentional Infliction of Emotional Distress as to All Defendants

Plaintiff claims intentional infliction of emotional distress on the part of Defendants.   To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Hoffmann-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004) (citing Standard Fruit & Vegetable Co. v. Johnson, 985 S.W.2d 62, 65 (Tex. 1998)). Under Texas law "intentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies.   Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005).

Plaintiff offers nothing beyond a recitation of the elements to support this claim.[35]  Moreover, Plaintiff's other twelve claims leave no discernible gaps to fill.   Accordingly, Plaintiff's intentional infliction of emotional distress claim will be dismissed.

---

[35]Id. at 38 ¶¶ 184-90.

-15-

## I.   Count Ten:  Negligence as to All Defendants

Plaintiff's next three claims allege negligence of various sorts.  "It is fundamental that the existence of a legally cognizable duty is a prerequisite to all tort liability." <u>Graff v. Beard</u>, 858 S.W.2d 918, 919 (Tex. 1993) (citing <u>Greater Houston Transp. Co. v. Phillips</u>, 801 S.W.2d 523, 525 (Tex. 1991)).  "If there is no duty, there cannot be negligence liability." <u>Thapar v. Zezulka</u>, 994 S.W.2d 635, 637 (Tex. 1999).  Whether a duty exists is a question of law.  <u>Kroger Co. v. Elwood</u>, 197 S.W.3d 793, 794 (Tex. 2006).  Plaintiff alleges various duties[36] but cites no legal basis for them--and the court can find none.  Defendants counter by citing authority for the proposition that no special relationship arises between a mortgagor and a mortgagee.[37]  Plaintiff offers no response.[38]  Finding no duty to be breached, the court will dismiss Plaintiff's negligence claim.

## J.   Count Eleven:  Negligence Per Se as to All Defendants

Plaintiff's eleventh claim is for negligence per se.  "If negligence per se applies, the elements of duty and breach are satisfied by proof that the defendant has violated a statute." <u>Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.</u>, 662

---

[36]<u>Id.</u> at 39 ¶¶ 192-95.

[37]Motion to Dismiss, Docket Entry No. 52 (citing <u>Miller v. CitiMortgage, Inc.</u>, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013).

[38]<u>See</u> Plaintiff's Response, Docket Entry No. 56 (failing to respond to Defendants' challenges to the negligence claims).

F. Supp. 2d 623, 652 (S.D. Tex. 2009) (citing <u>Smith v. Merritt</u>, 940 S.W.2d 602, 607 (Tex. 1997)).   As a threshold matter in such an action, the plaintiff must belong to the class that the statute was intended to protect and the plaintiff's injury must be of a type that the statute was designed to prevent.   <u>Suzlon Wind Energy Corp.</u>, 662 F. Supp. 2d at 652 (citing <u>Perry v. S.N.</u>, 973 S.W.2d 301, 305 (Tex. 1998)).

Plaintiff's claim is predicated on violations of the automatic stay initiated by Plaintiff's bankruptcy filing.[39]   Defendants contend that "Plaintiff fails to allege any non-conclusory facts that the Defendants' conduct caused him injury."[40]   The court agrees.   Other than the alleged acts of vandalism, Plaintiff cites no action on the part of Defendants during the period of the stay. The court will therefore dismiss Plaintiff's negligence per se claim.

## K.   Count Twelve:  Gross Negligence as to All Defendants

Plaintiff's twelfth cause of action is for gross negligence. To recover on a claim for gross negligence, Plaintiff must prove elements beyond those required for an ordinary negligence claim. <u>See Lee Lewis Const., Inc. v. Harrison</u>, 70 S.W.3d 778, 785 (Tex. 2001) (listing the elements of gross negligence).   Because

---

[39]Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 39 ¶¶ 198-201.

[40]Motion to Dismiss, Docket Entry No. 52, p. 36.

Plaintiff's ordinary negligence claim will be dismissed for reasons discussed above, so will his gross negligence claim.

**L.   Count Thirteen:  Violations of the Texas Debt Collection Act and Deceptive Trade Practices Act as to All Defendants**

Finally, Plaintiff alleges violations of the Texas Debt Collection Act ("TDCA") and the Texas Deceptive Trade Practices Act ("DTPA").  Plaintiff lists the following violations:

> 208.  Defendants used a false representation or deceptive means to collect a debt or obtain information concerning a consumer.

> 209.  Defendants used or threatened to use violence or other criminal means to cause harm to a person or property of a person.

> 210.  Defendants threatened to take an action against Plaintiff that is prohibited by law.

> 211.  Defendants misrepresented the character, extent, or amount of a consumer debt, or misrepresented the consumer debt's status in a judicial or governmental proceeding[.][41]

Plaintiff's claim largely recites statutory language.[42]  In the absence of supporting factual allegations, the court is left to connect the dots between the alleged statutory violations and the facts alleged in the complaints.  Setting aside once again the alleged vandalism, the court can find no reasonable inferences from the facts alleged to any statutory violation on the part of

---

[41]Plaintiff's Second Amended Complaint, Docket Entry No. 46, p. 40.

[42]See Texas Finance Code, §§ 392.304(a)(19), 392.301(a)(1), 392.301(a)(8), and 392.304(a)(8).

-18-

Defendants.  For that reason, Plaintiff's TDCA and DTPA claims will
be dismissed.

**M.    Plaintiff's Request to Amend**

Plaintiff has requested leave to amend his Second Amended
Complaint "if the Court finds curable faults with any of the
allegations."[43]  Rule 15(a) provides that leave to amend should be
"freely give[n] . . . when justice so requires."  Fed. R. Civ.
P. 15(a)(2).  A court may deny leave to amend, however, in the
event of "undue delay, bad faith or dilatory motive on the part of
the movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party . . .,
[or] futility of amendment."  Foman v. Davis, 83 S. Ct. 227, 230,
(1962); accord Schiller v. Physicians Resource Group Inc., 342 F.3d
563, 566 (5th Cir. 2003); Rosenzweig v. Azurix Corp., 332 F.3d 854,
864 (5th Cir. 2003).  Plaintiff has pleaded no facts that would
suggest an amendment would be helpful.  Moreover, Plaintiff has
already amended his complaint twice.  Finally, Plaintiff did not
include any proposed amendments with his request.  Therefore, the
court concludes that further amendment would be futile.

## IV.   Conclusions and Order

For the reasons discussed above, Plaintiff has failed to state
any claims upon which relief can be granted in his Second Amended

---

[43]Plaintiff's Response, Docket Entry No. 56, p. 28.

Complaint.   Nor has the Plaintiff provided the court with any reason to believe amending his pleadings would cure the deficiency. Defendants' Motion to Dismiss (Docket Entry No. 52) is therefore **GRANTED**, and this action will be dismissed with prejudice.

SIGNED at Houston, Texas, on this 29th day of September, 2016.

_____

SIM LAKE
UNITED STATES DISTRICT JUDGE